**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| GERALD INNOCENT, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-15-951 |
| THE BANK OF NEW YORK MELLON, | * | |
| *et al.,* | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Gerald Innocent, who is proceeding *pro se*, filed an eight count verified complaint[1] against The Bank of New York Mellon, as Trustee for CIT mortgage Loan Trust 2007-1, by Caliber Home Loans, Inc., Vericrest Financial Inc. (the "Bank") and attorneys McCabe Weisberg & Conway.[2]  ECF Nos. 1, 1-2. Innocent claims that he signed a contract to purchase the property located at 607 Cover Lane, Accokeek, Maryland 20607 (the "Property"), and "thought he had obtained a loan for the property."[3] Compl. 2–4. As best I can discern, at some point thereafter, the Bank initiated foreclosure proceedings and Innocent became convinced that he is a victim of Defendants' fraud and violations of his civil rights. *Id.*  He claims that the Bank is not licensed to do business in Maryland, the contract was unconscionable,

---

[1] According to Defendants, the complaint is unsigned, Defs.' Mem. 1, ECF No. 4-1, but Innocent signed both his complaint, Compl. 16, ECF No. 1, and his verification of the complaint, ECF No. 1-2.

[2] There is no indication on the docket that Defendant McCabe Weisberg & Conway has been served.

[3] For purposes of considering Defendants' Motion, this Court accepts as true the facts that Plaintiff alleged in the complaint. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

and that he was "induced into signing the promissory note" securing his loan for the Property, unaware that he was signing a promissory note that "put [a lien] on the title" and removed his name from the Property. *Id.* Additionally, he alleges that Defendants altered the note. *Id.* at 2–3. His causes of action include "Violation of 42 U.S.C. § 1983" (Count 1), "42 U.S.C. § 1983 and 1985 (2) (3) Conspiracy" (Count 2), "Violation of 42 U.S.C. §1983: Refusing or Neglecting to Prevent" (Count 3), Malicious Abuse of Process (Count 4), "Title 18 241 & 242 Conspiracy" (Count 5), Intentional Infliction of Emotional Distress (Count 6), "Mail Fraud" (Count 7), and Fraud (Count 8). Compl. 6–12.

The Bank moves to dismiss, ECF No. 4, and Plaintiff moves for judgment on the pleadings, ECF No. 9.[4] Because Plaintiff fails to state a claim, I will grant the Bank's motion. Amendment of Counts 5 and 6 and the § 1983 claims in Counts 1, 2 and 3 would be futile, and therefore they will be dismissed with prejudice. But, because Plaintiff is proceeding *pro se*, he will have twenty-one days to file an amended complaint for Counts 4, 7, 8 and his § 1985 claim in Count 2 only. Local Rule 103.6(c)(2), governing amendments of pleadings, provides:

> [T]he party filing an amended pleading shall file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type.

The amended complaint must be in the format required by Local Rule 103.6(c)(2), to enable Defendants and the Court to determine readily what language is deleted from or added to the original complaint. Failure to do so will result in the striking of the amended complaint.

---

[4] The parties fully briefed the motion to dismiss, ECF Nos. 4-1, 8 & 10, and the Bank opposed Plaintiff's motion for judgment, ECF No. 11. Innocent also filed a Surreply with regard to the motion to dismiss, ECF No. 12, without obtaining leave to do so. I will accept it as filed. A hearing is not necessary. *See* Loc. R. 105.6.

If Plaintiff fails to file a timely amended complaint as permitted, I will dismiss this case with prejudice. If Plaintiff files a timely amended complaint as permitted, the Bank shall have twenty-one days to renew its Motion to Dismiss or to file a Second Motion to Dismiss. And, given that Plaintiff's claims are subject to dismissal, he has not shown that he is entitled to judgment as a matter of law, and I will deny his Motion for Judgment on the Pleadings.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This Rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Innocent's fraud allegations must meet the "heightened pleading standard under Rule 9(b)." *Piotrowski v. Wells Fargo Bank, N.A.*, No. DKC-11-3758, 2013 WL 247549, at *5 (D. Md. Jan. 22, 2013).

> Rule 9(b) states that "in alleging a fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Such allegations [of fraud] typically "include the 'time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby.'" In cases involving concealment or omissions of material facts, however, meeting Rule 9(b)'s particularity requirement will likely take a different form. The purposes of Rule 9(b) are to provide the defendant with sufficient notice of the basis for the plaintiff's claim; to protect the defendant against frivolous suits; to eliminate fraud actions where all of the facts are learned only after discovery; and to safeguard the defendant's reputation.

*Id*. (citations omitted); *see Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013).

Innocent proceeds *pro se*, and therefore his complaint receives liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). He still must provide the factual support that the Federal Rules of Civil Procedure require. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)). As stated by the Fourth Circuit,

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. Feb. 10, 1992).

## Discussion

### A.  Section 1983 Claims (Counts 1, 2, and 3)

"Section 1983 provides a remedy against any person who, acting under color of law, deprives another of constitutional rights." *Bixler v. Harris*, No. WDQ-12-1650, 2013 WL 2422892, at *5 (D. Md. June 3, 2013) (citing 42 U.S.C. § 1983).  Liability under § 1983 "is imposed only for deprivations carried out under color of law," which is "'equivalent to the "state action" requirement under the Fourteenth Amendment.'"  *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341 (4th Cir. 2000) (citations omitted).  "State action" exists where there is "an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,'" and the actor is "a person who may fairly be said to be a state actor." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation omitted).

Innocent claims that he "has a right to expect that government and court officials would do their duty to protect [him] and [his] property." Compl. 13.  But, he has not named as defendants any "government [or] court officials."   "Action by a private party . . . , without something more, [is] not sufficient to justify a characterization of that party as a 'state actor.' . . . [T]hat 'something more' which would convert the private party into a state actor might vary with the circumstances of the case."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982).  The Bank and McCabe Weisberg & Conway are private companies, and Innocent has not alleged any connection with them and the State, beyond a vague allegation that they were "acting under color of law."  Compl. 6.  This conclusory allegation that simply recites an element of a § 1983 claim is insufficient to claim state action.  *See Iqbal*, 556 U.S. at 678–79.  Therefore, as private parties, Defendants cannot be characterized as state actors.  *See Lugar*, 457 U.S. at 939.  Consequently,

there is no "state action" and Plaintiff cannot state a § 1983 claim against Defendants. *See Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50; *Goldstein*, 218 F.3d at 341.  I will dismiss Innocent's § 1983 claims.[5]  *See* Fed. R. Civ. P. 12(b)(6).  Because of Innocent's failure to plead the essential state actor, his § 1983 claims are not susceptible to amendment and will be dismissed with prejudice. *See Curry v. Farmer*, 2 F.3d 1149, 1993 WL 311947, at *1 n.* (4th Cir. 1993) (modifying "district court's dismissal to a dismissal with prejudice" due to "absence of an allegation of actions under color of state law or in conjunction with state actors"; citing *Lugar*, 457 U.S. at 937).

### B.  Section 1985 Conspiracy Claim (Count 2)

Innocent also alleges that Defendants violated 42 U.S.C. § 1985(2) and (3).  He claims that "Defendants have constantly obstructed justice according to law" and that he "was deprived of rights and privileges."  Compl. 7.

Section 1985, unlike § 1983, pertains to private action.  *See Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971).  Section 1985(2) provides a cause of action against individuals who conspire to obstruct justice "with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws."  42 U.S.C. § 1985(2).[6]  Section

---

[5] Although Defendant McCabe Weisberg & Conway has not moved to dismiss (as it does not appear to have been served), "[a] court may, on its own initiative, dismiss a civil complaint for failing to state a claim," after giving the plaintiff notice and an opportunity to be heard. *Saifullah v. Johnson*, 948 F.2d 1282 (4th Cir. 1991) (citing 5A C. Wright & A. Miller, *Federal Practice & Procedure* § 1357 at 301 (2d ed. 1990)).  As discussed below, Plaintiff will have the opportunity to supplement his complaint before it is dismissed.

[6] Section 1985(2) also provides a cause of action against persons who conspire "'to pressure or intimidate'" witnesses, parties and/or jurors "'in the performance of their duties.'" *Sellner v. Panagoulis*, 565 F. Supp. 238, 245-46 (D. Md. 1982) (quoting *Brawer v. Horowitz*, 535 F.2d

1985(3) prohibits "private conspiracy 'for the purpose of depriving ... any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 274 (1993) (quoting 42 U.S.C. § 1985(3)).  To state a claim under either of these causes of action, a plaintiff must allege, *inter alia*, "'(1) a conspiracy of two or more persons, (2) who are motivated by a specific [racial or other] class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all . . . .'" *See A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (elements of § 1985(3) claim) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir. 1995) (internal quotation marks omitted)); *Sellner v. Panagoulis*, 565 F. Supp. 238, 246 (D. Md. 1982) (elements of § 1985(2) claim), *aff'd*, 796 F.2d 474 (4th Cir. 1986); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (elements of § 1985(3) claim).

Notably, the first requirement is the allegation of a conspiracy.  *See* 42 U.S.C. § 1985(2)–(3).  In this regard, "the plaintiff 'must show an agreement or a meeting of the minds by [the] defendants to violate the [plaintiff's] constitutional rights'"; alleging a conspiracy "'in a merely conclusory manner, in the absence of concrete supporting facts,'" is insufficient. *A Soc'y Without a Name*, 655 F.3d at 346.  Thus, "the plaintiff must plead facts amounting to more than 'parallel conduct and a bare assertion of conspiracy.... Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.'" *Id.* (quoting *Twombly*, 550 U.S. at 556–57).  Innocent alleges that "[a]ll of the Defendants are the 'moving force' behind [his] deprivations," Compl. 13; that they "aided and abetted in a conspiracy to commit larceny," *id.* at 14, and that they "were acting

---

830, 839 (3d Cir. 1976)), *aff'd*, 796 F.2d 474 (4th Cir. 1986).   Innocent does not allege a violation of this part of § 1985(2).

in concert," *id.* at 15.  These conclusory allegations do not suffice to allege a conspiracy.  *See Twombly*, 550 U.S. at 556–57; *A Soc'y Without a Name*, 655 F.3d at 346.  Further, Innocent has not alleged any racial or other "class-based, invidiously discriminatory animus." *See A Soc'y Without a Name*, 655 F.3d at 346; *Simmons*, 47 F.3d at 1376–77; *Sellner*, 565 F. Supp. at 246.  Therefore, Innocent fails to state a claim under either § 1985(2) or (3).  *See A Soc'y Without a Name*, 655 F.3d at 346; *Simmons*, 47 F.3d at 1376–77; *Sellner*, 565 F. Supp. at 246.  I will dismiss Plaintiff's § 1985 conspiracy claim.  Innocent will be allowed to file an amended complaint to address the deficiencies in his § 1985 claim, provided he complies with Local Rule 103.6(c)(2)'s format requirement.

### C.  Claims of Violations of Criminal Statutes (Counts 5 and 7)

Innocent includes claims for "Title 18 241 & 242 Conspiracy" (Count 5) and "Mail Fraud" (Count 7). Mail fraud is a criminal offense pursuant to 18 U.S.C. § 1341.  18 U.S.C. § 241, which criminalizes conspiracy, is the "criminal analogue to § 1985(3)."  *Griffin v. Breckenridge*, 403 U.S. 88, 98 (1971). Likewise, 18 U.S.C. § 242 is the "criminal counterpart" to 42 U.S.C. § 1983.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 166 (1970).  Unlike their civil equivalents, "criminal statutes . . . do not provide a basis to impose civil liability." *See Randolph v. U.S. Dep't of Justice Identity Theft Task Force*, No. WMN-16-36, 2016 WL 112545, at *2 (D. Md. Jan. 8, 2016) (citing *Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir. 1985)).  Thus, "[w]hile criminal penalties may arise under [18 U.S.C. § 241], there is no authority given for private citizens to bring a civil suit for damages under this provision." *Taccino v. City of Cumberland, Md.*, WMN-09-2703, 2010 WL 3070146, at *2 (D. Md. Aug. 5, 2010).  Nor is there a civil cause of action for violation of § 242. *See United States v. Lanier*, 520 U.S. 259, 270 (1997) (noting that "[42 U.S.C. § 1983] has a civil and [18 U.S.C. § 242] a criminal role").  And, "[n]o private right

of action exists for mail fraud." *Uhre v. Emmett A. Larkin Co.*, 205 F. Supp. 2d 475, 478 (D. Md. 2002) (citation and quotation marks omitted).

Construing Innocent's claim liberally, I note that mail fraud qualifies as racketeering activity, for which a civil action exists under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq. See* 18 U.S.C. § 1961(1) (defining racketeering activity). RICO "'is concerned with eradicating organized, long-term, habitual criminal activity,'" not "'all instances of wrongdoing.'" *Mitchell Tracey v. First Am. Title Ins. Co.*, No. WDQ-12-1329, 2013 WL 1296390, at *6-7 (D. Md. Mar. 28, 2013) (quoting *U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (internal quotation marks omitted)).  When an enterprise involved in interstate commerce engages in "a pattern of racketeering activity or collection of unlawful debt," RICO provides a cause of action against any individual associated with the enterprise and participating in the racketeering activity. 18 U.S.C. § 1962(c).  To state a claim for relief based on a violation of § 1962(c), Innocent must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity," *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).  Additionally, the enterprise must affect interstate commerce.  *See Day v. DB Capital Group, LLC*, No. DKC-10-1658, 2011 WL 887554, at *13 (D. Md. Mar. 11, 2011).  Assuming, *arguendo*, that Plaintiff alleges facts with sufficient particularity for the Court reasonably to infer that Defendants engaged in racketeering activity through acts of mail fraud affecting interstate commerce, I will consider whether there was a "pattern" of racketeering activity.

To allege that Defendants engaged in a pattern of racketeering activity, Plaintiff must plead sufficient facts to allege "'continuity plus relationship,'" i.e., that Defendants engaged in at least two related offenses that constitute racketeering activities, and that those activities "'amount to or pose a threat of continued criminal activity.'"  *U.S. Airline Pilots*, 615 F.3d at 318 (quoting

*H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)).  It is noteworthy that, "'while two acts are necessary, they may not be sufficient,'" *H.J. Inc.*, 429 U.S. at 237 (quoting *Sedima*, 437 U.S. at 496 n.14), as "'proof of two acts, without more, does not establish a pattern,'" *id.* at 238 (quoting 116 Cong. Rec. 18940 (1970) (statement of Sen. McClellan)).  Rather, Plaintiff must demonstrate either "a closed period of repeated conduct, or . . . past conduct that by its nature projects into the future with a threat of repetition."  *Id.* at 241.  Open-ended continuity exists where "the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future," or "the predicate acts or offenses are part of an ongoing entity's regular way of doing business" or "the predicates are a regular way of conducting defendant's ongoing legitimate business . . . or RICO 'enterprise.'"  *Id.* at 242-43. Yet, open-ended continuity is not present when the fraudulent acts occur in an isolated sale.  *See GE Investment Private Placement Partners II v. Parker*, 247 F.3d 543, 549-50 (4th Cir. 2001).

Plaintiff alleges two related events: (1) Defendants conducted a purportedly fraudulent real estate transaction through which Plaintiff acquired the Property and the Bank acquired title, and  (2) "Defendants intentionally sent correspondence via U.S. Mail to [Innocent], when they fraudulently sent mail pertaining to a Foreclosure complaint."  Compl. 12.  These two acts work together to describe the alleged offense of Defendants depriving him of title to his Property; they are not sufficient to establish a pattern as they include no repetition whatsoever.  *See H.J. Inc.*, 492 U.S. at 239–41.  He does not allege that Defendants threatened repetition or regularly conducted business the way they purportedly did with him. Therefore, there is no pattern of racketeering activity.  *See id.* at 242–43; *GE Investment Private Placement Partners II*, 247 F.3d at 549–50. Thus, Plaintiff has failed to state a RICO claim based on a pattern of racketeering

activity.  *See Iqbal*, 556 U.S. at 678–79.  I will dismiss Plaintiff's claims based on criminal statutes.

Innocent will be permitted to file an amended complaint to address the deficiencies in Count 7, if he is able to meet the pleading requirements for a RICO claim.  As stated, the amended complaint must comply with Local Rule 103.6(c).  Further, as discussed in the next section, Plaintiff's pleadings for Count 7 will have to meet the heightened requirements for a fraud claim.

However, Count 5 will be dismissed with prejudice.  Insofar as Plaintiff seeks to bring a claim under the civil counterpart to 18 U.S.C. § 241 (42 U.S.C. § 1985(3)), I have permitted him to amend his § 1985 claim in Count 2 to state a claim under § 1985(2) and/or (3).  And, insofar as Plaintiff seeks to bring a claim under the civil counterpart to 18 U.S.C. § 242 (42 U.S.C. § 1983), such a claim would be futile due to lack of a state actor, as discussed previously. *See Curry v. Farmer*, 2 F.3d 1149, 1993 WL 311947, at *1 n.* (4th Cir. 1993).

### D.  Fraud Claims (Counts 7 and 8)

Innocent alleges in conclusory fashion that "there was fraud in the factum" and "fraud in the inducement" in the Property sale and related mortgage loan to him.  Compl. 3–4.  He asserts that he "was not aware" of the import of the documents he signed, claiming that they had "fraudulent character" and that, "[u]pon the looks of things Petitioner thought that he had obtained a loan for the property. When in fact the Pirates actually created funds obtained by [Innocent's] signature on the promissory note." *Id.*  He alleges that "Defendants filed a fraudulent foreclosure proceeding September 11, 2014, and that the "records of the court docket reflects no evidence of any scheduled meeting for mortgagor to have a face to face with the mortgagee." *Id.* at 5–6.  Innocent claims that "Defendants intentionally sent correspondence via

U.S. Mail to Petitioner, when they fraudulently sent mail pertaining to a Foreclosure complaint." *Id.* at 12. He also alleges that Defendants were not licensed to do business in Maryland. *Id.* at 2. These allegations seem to form the basis for his fraud claims.[7]

Plaintiff does not "state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). Beyond stating the date for filing the foreclosure action and providing the name of an attorney at McCabe Weisberg & Conway, Erin M. Shaffer, Esq., Compl. 2, he does not "include the 'time, place and contents of the false representation," or "'the identity of the person making the misrepresentation and what [was] obtained thereby.'" *See Piotrowski v. Wells Fargo Bank, N.A.*, No. DKC-11-3758, 2013 WL 247549, at *5 (D. Md. Jan. 22, 2013) (citations omitted). Consequently, his fraud allegations do not meet the "heightened pleading standard under Rule 9(b)." *See id.* Additionally, I take judicial notice pursuant to Fed. R. Evid. 201 that Defendants are licensed to do business in Maryland. *See* http://sdat.dat.maryland.gov/ucc-charter/Pages/CharterSearch/default.aspx. Therefore, his fraud claims must be dismissed. *See id.*; Fed. R. Civ. P. 9(b), 12(b)(6). He will be allowed an opportunity to re-plead them in his amended complaint, provided it is in the format required by Local Rule 103.6(c)(2), and provided he can meet the RICO pleading requirements for Count 7, as previously discussed.

### E. Malicious Abuse of Process (Count 4)

While "malicious abuse of process" *per se* is not a tort, "abuse of process" and "malicious use of process" both are. *Campbell v. Lake Hallowell Homeowners Ass'n*, 852 A.2d 1029, 1043–45 (Md. Ct. Spec. App. 2004). "The tort of abuse of process 'is concerned with the improper use of civil or criminal process in a manner not contemplated by law after it has been issued....'" *Id.* at 1044 (quoting *One Thousand Fleet Ltd. P'ship v. Guerriero,* 694 A.2d 952

---

[7] As already discussed, Plaintiff's mail fraud claim fails because there is no civil action for mail fraud outside of RICO, and he has not stated a RICO claim.

(1997) (citation and quotation marks omitted)). Its elements are (1) an ulterior purpose, (2) a willful act in the use of process not proper in the regular conduct of the proceeding, and (3) damages. *Att'y Grievance Comm'n v. Roberts*, 904 A.2d 557, 571 (Md. 2006); Campbell v. Lyon, 26 F. App'x 183, 191 (4th Cir. 2001). "[T]he injuries contemplated by this particular tort (and an indispensable element of it) are limited to an improper arrest of the person or to an improper seizure of property." *Campbell*, 852 A.2d at 1044. Significantly, it is not "[t]he mere issuance of the process itself" that is actionable; there must be "'[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process,'" and that act or threat must occur after the process has issued. *Id.* (quoting *One Thousand Fleet,* 694 A.2d 952).

In contract, malicious use of process claims, which "'are viewed with disfavor in law and are to be carefully guarded against,'" are "'concerned with maliciously causing criminal or civil process to issue for its ostensible purpose, but without probable cause.'" *Id.* at 1045 (quoting *One Thousand Fleet,* 694 A.2d 952 (citations omitted)). The elements are:

> "First, a prior civil proceeding must have been instituted by the defendant. Second, the proceeding must have been instituted without probable cause.... Third, the prior civil proceeding must have been instituted by the defendant with malice. .... Fourth, the proceedings must have terminated in favor of the plaintiff. Finally, the plaintiff must establish that damages were inflicted upon the plaintiff by arrest or imprisonment, by seizure of property, or by other special injury which would not necessarily result in all suits prosecuted to recover for a like cause of action."

*Id.* (quoting *One Thousand Fleet,* 694 A.2d 952 (citations omitted)).

Plaintiff has not stated a claim for either abuse of process or malicious use of process. He has alleged that Defendants improperly initiated foreclosure proceedings, without "a license to do business in the state of Maryland." Compl. 10. Yet, he does not allege that the foreclosure proceeding terminated in his favor; indeed, it is not clear from the complaint whether or how the

foreclosure proceeding terminated at all.  Therefore, he does not state a claim for malicious use

of process.  *See Campbell*, 852 A.2d at 1045.  Moreover, without an indication that the

foreclosure proceedings terminated in the loss of his Property, it is unclear what injury he

suffered. And, fatally to an abuse of process claim, Innocent does not allege an act separate from

serving him with process in the foreclosure proceeding.  See *Campbell*, 852 A.2d at 1044;

*Roberts*, 904 A.2d at 571.  Therefore, I will dismiss Innocent's malicious abuse of process claim,

construed liberally as either an abuse of process or malicious use of process claim.  He will be

afforded an opportunity to amend this Count 4, by filing an amended complaint that complies

with Local Rule 103.6(c).

### F.  Intentional Infliction of Emotional Distress (Count 6)

Intentional infliction of emotional distress ("IIED") is a common law tort under Maryland

law, for which the elements are

> "'(1) The conduct must be intentional or reckless; (2) The conduct must be
> extreme and outrageous; (3) There must be a causal connection between the
> wrongful conduct and the emotional distress; [and] (4) The emotional distress
> must be severe.' " *Lasater v. Guttmann,* 194 5 A.3d 79, 89 (Md. Ct. Spec. App.
> 2010) (quoting *Harris v. Jones,* 380 A.2d 611 (1977)) (emendation in original).
> An action for IIED may lie only where the defendant's conduct "'has been so
> outrageous in character, and so extreme in degree, as to go beyond all possible
> bounds of decency, and to be regarded as atrocious, and utterly intolerable in a
> civilized community.'" *Harris,* 380 A.2d at 614.

*Russell v. Russel Motor Cars Inc.*, 28 F. Supp. 3d 414, 420 (D. Md. 2014).  This Court

repeatedly has held that threat of foreclosure proceedings is not "extreme and outrageous"

conduct.  *See, e.g.*, *Brown v. Ocwen Loan Servicing, LLC*, No. PJM 14-3454, 2015 WL 5008763,

at *2 (D. Md. Aug. 20, 2015) (dismissing IIED claim because threat of foreclosure was not

extreme and outrageous conduct); *Pitts v. Mozilo*, No. GJH-15-451, 2015 WL 4770941, at *4 (D.

Md. Aug. 11, 2015) (same; citing *Ayers v. Ocwen Loan Servicing, LLC,* WDQ–13–1597, 2014

WL 4269051, at * 9 (D. Md. Aug.27, 2014), in which this Court granted motion to dismiss IIED

claim, reasoning that threat of foreclosure was not actionable as "extreme and outrageous" conduct under Maryland law); *Hejazi v. Oliveri & Associates, LLC*, No. CCB-14-02974, 2015 WL 3447660, at \*6 (D. Md. May 27, 2015) (dismissing IIED claim that property owner brought against debt collector that had initiated and then voluntarily dismissed foreclosure proceeding, because defendants' conduct was not "extreme and outrageous"). Therefore, without something more, which Innocent has not offered, Innocent cannot state a claim for IIED based on a threat of foreclosure. *See Brown*, 2015 WL 5008763, at \*2; *Pitts*, 2015 WL 4770941, at \*4; *Hejazi*, 2015 WL 3447660, at \*6; *Ayers*, 2014 WL 4269051, at \* 9. Moreover, Innocent has not provided more than a cursory allegation of severe emotional distress. Based on the clear line of cases holding that foreclosure actions are not a recognizable basis for filing an IIED claim, this Count 6 is dismissed with prejudice because it cannot be amended to state a cognizable claim. I will dismiss Innocent's IIED claim with prejudice for failure to state a claim. *See Russell*, 28 F. Supp. 3d at 420.

## Conclusion

Plaintiff's allegations against Defendants do not allege any actionable conduct or facts that support any colorable claims. Counts 5 and 6 and the § 1983 claims in Counts 1, 2 and 3 are dismissed with prejudice because amendment would be futile.[8] As written, it does not appear

---

[8] As stated by this Court in *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013), "The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009) (citing *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985)). "[P]leading is [not] a game of skill in which one misstep by counsel may be decisive to the outcome . . . the purpose of pleading is to facilitate a proper decision on the merits." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (internal quotation marks omitted). When a plaintiff fails to state a claim, he "should generally be given a chance to amend the complaint . . . before the action is dismissed with prejudice." But, dismissal with prejudice is proper if there is no set of facts the plaintiff could

that Counts 4, 7, 8 and his § 1985 claim in Count 2 properly state a cause of action.  Although it is difficult to conceive of legally sufficient facts to support these claims, I will afford Innocent liberal construction because I am mindful that he is a *pro se* litigant.  *See Haines*, 404 U.S. at 520.  Accordingly, I will grant the Bank's Motion to Dismiss and dismiss the claims against McCabe Weisberg & Conway on the same basis.  However, Plaintiff shall be granted twenty-one days to amend only those counts that I have stated may be amended to specify exactly how Defendants' conduct is actionable and to address the deficiencies addressed in this Memorandum Opinion.  Plaintiff is cautioned that the amended complaint must be in the format Local Rule 103.6(c)(2) requires, so that Defendants and the Court readily can determine what language remains from the original complaint, what language is added, and what language is stricken.  Failure to comply with Local Rule 103.6(c) will result in the striking of the amended complaint and possible dismissal of this lawsuit with prejudice.  Failure to submit a timely amended complaint will result in the dismissal of this case with prejudice and without further notice by the Court.  If Plaintiff files a timely amendment, the Bank shall be granted twenty-one days to renew their Motion to Dismiss or to file a Second Motion to Dismiss.

### ORDER

Accordingly, it is, this 2nd day of February, 2016, ORDERED that

1. Defendant The Bank of New York Mellon's Motion to Dismiss, ECF No. 4, IS GRANTED, and the claims against the Bank ARE DISMISSED;

2. The claims against Defendant McCabe Weisberg & Conway ARE DISMISSED *sua sponte*;

---

present to support his claim.  *See, e.g.*, *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008).

3. Plaintiff's Counts 5 and 6 and his § 1983 claims in Counts 1, 2, and 3 ARE DISMISSED WITH PREJUDICE;

4. Plaintiff's Motion for Judgment on the Pleadings, ECF No. 9,  IS DENIED;

5. Innocent MAY AMEND his complaint with regard to his Counts 4, 7, and 8 and his § 1985 claim in Count 2 by February 22, 2016 to specify exactly how Defendants' conduct is actionable and to address the deficiencies addressed in this Memorandum Opinion.  Failure to do so timely will result in the dismissal of this case in its entirety with prejudice and without further notice by the Court;

6. Plaintiff must comply with Local Rule 103.6(c) in submitting an amended complaint. Failure to do so will result in the striking of the amended complaint and possible dismissal of this lawsuit with prejudice;

7. In the event that Innocent files an amended complaint, only the following may be filed without first requesting in writing (letter format, no longer than three pages) a pre-motion conference with the Court:

   - Motion to dismiss amended complaint (with memorandum not to exceed thirty pages, exclusive of exhibits)
   - Opposition to motion to dismiss amended complaint (not to exceed thirty pages, exclusive of exhibits), and
   - Reply memorandum (not to exceed fifteen pages, exclusive of exhibits); and

8. The Clerk SHALL MAIL a copy of this Memorandum Opinion and Order to Plaintiff.


_____/S/_____
Paul W. Grimm
United States District Judge


lyb