IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **GERALD INNOCENT,** | * | |
| **Plaintiff,** | * | |
| v. | * | Case No.: PWG-15-951 |
| **THE BANK OF NEW YORK MELLON,** *et al.,* | * | |
| | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Gerald Innocent, who is proceeding *pro se*, filed suit against The Bank of New York Mellon, as Trustee for CIT mortgage Loan Trust 2007-1, by Caliber Home Loans, Inc., Vericrest Financial Inc. (the "Bank") and attorneys McCabe Weisberg & Conway on April 2, 2015. ECF No. 1. There is no indication on the docket that Innocent served either Defendant with a Summons and Complaint, and the Bank challenged the service it received in its Motion to Dismiss. Def.'s Mot. to Dismiss 1 n.1, ECF No. 4. Nonetheless, the Bank moved to dismiss for failure to state a claim on April 15, 2016. *Id.* Innocent moved for judgment on the pleadings on April 22, 2016, arguing that such a motion "is the proper procedure when all of the material allegations of fact are admitted in the pleadings and only questions of law remain." ECF No. 9.

On February 2, 2016, finding that Innocent's claims were subject to dismissal, I denied his motion. Mem. Op. & Order, ECF No. 13. Additionally, I granted the Bank's Motion to Dismiss and dismissed the claims against the Bank; and I dismissed *sua sponte* the claims against Defendant McCabe Weisberg & Conway. *Id.* Yet I also afforded Innocent leave to amend his complaint with regard to his Counts 4, 7, and 8 and his § 1985 claim in Count 2 by

February 22, 2016 to specify exactly how Defendants' conduct is actionable and to address the deficiencies identified in my February 2, 2016 Memorandum Opinion. *Id.* I cautioned that failure to do so timely would result in the dismissal of this case in its entirety with prejudice and without further notice by the Court. *Id.* I directed Innocent to comply with Local Rule 103.6(c) in submitting an amended complaint, and warned that failure to do so would result in the striking of the amended complaint and possible dismissal of this lawsuit with prejudice. *Id.*

On February 23, 2016, after the time for Innocent to file an amended complaint had expired, *see id.*, Innocent filed a "Motion in Opposition of the Courts Memorandum and Opinion and Order," ECF No. 14, which I construe as a motion for reconsideration of the Order denying his motion for judgment. *See* Fed. R. Civ. P. 1. According to Innocent, "Defendants did not disagree with anything that was stated in the complaint," and therefore "the fact of the matter has never been disputed." Pl.'s Mot. 1. He appears to argue that, because Defendants did not file an answer within twenty-one days of service, the Court erred in denying his motion. *Id.* at 3.

A final judgment has not been entered in this case. Rule 54(b) governs motions for reconsideration of "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b). It provides that such an order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.*

Innocent's motion does not meet the narrow criteria for granting a motion for reconsideration. *See Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001) ("A motion for reconsideration is appropriate to 'correct manifest errors of law or fact or to present newly discovered evidence,' or where there has been an intervening change in controlling law." (citations omitted)); *see also Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Co. 1988) (observing

2

that a motion for reconsideration "is not a license for a losing party's attorney to get a 'second bite at the apple'"; cited in *Potter*); *Pinney v. Nokia, Inc.*, 402 F.3d 430, 452–53 (4th Cir. 2005) (stating in dicta that these "rules of constraint . . . make sense when a district court is asked to reconsider its own order" because "'[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience'" (quoting *Potter*, 199 F.R.D. at 553)). In his view, it was an error of law to deny his motion because Defendants had not filed a timely answer. It is true that Rule 12(a)(1) provides that "[a] defendant must serve an answer . . . within 21 days *after being served* with the summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(A)(i) (emphasis added). Yet, not only is there no indication on the docket that Innocent served either Defendant, but also the Bank timely filed a motion to dismiss in lieu of an answer. *See* Fed. R. Civ. P. 12(b)(6) (stating that a party may bring a motion to dismiss for failure to state a claim before pleading); *see also* Fed. R. Civ. P. 12(a)(4)(A) (stating that "[i]f the court denies the motion . . . a responsive pleading must be served within 14 days after notice of the court's action"). Thus, neither Defendant was served, and in any event, the Bank filed a timely response to Innocent's Complaint, and therefore it was not an error of law to deny Innocent's motion. *See* Fed. R Civ. P. 12(a)–(c). Innocent has failed to demonstrate grounds for reconsideration, and therefore his motion is denied.

Moreover, in my February 2, 2016 Memorandum Opinion and Order, I observed that, as written, it did not appear that Counts 4, 7, 8 and his § 1985 claim in Count 2 properly stated a cause of action, and it was difficult to conceive of legally sufficient facts to support those claims. As noted, I afforded Innocent until February 22, 2016 to file an amended complaint, and he

failed to do so. Therefore, I will dismiss his Complaint in its entirety for the reasons explained in the February 2, 2016 Memorandum Opinion and Order.[1]

Accordingly, it is, this 4th day of April, 2016, hereby ORDERED that

1. Innocent's "Motion in Opposition of the Courts Memorandum and Opinion and Order," ECF No. 14, construed as a motion for reconsideration of the Order denying his Motion for Judgment on the Pleadings, IS DENIED;

2. Innocent's Complaint IS DISMISSED in its entirety with prejudice, for the reasons explained in the February 2, 2016 Memorandum Opinion and Order;

3. The Clerk SHALL MAIL a copy of the Memorandum and Order to Innocent; and

4. The Clerk SHALL CLOSE this case.

/S/
Paul W. Grimm
United States District Judge

lyb

---

[1] Innocent also filed a "Notice of Removal Nunc Pro Tunc." ECF No. 15. He asserted that the "case has been removed from the Circuit Court for Prince George's County," and that he filed the Notice "to correct the original removal procedure." *Id.* If this is, indeed, a case that Plaintiff removed from state court, it is noteworthy that the statutes providing for removal of state actions to federal court only allow "the defendant," not the plaintiff, to remove the action. *See* 28 U.S.C. § 1446(a) (providing that "[a] *defendant* or *defendants* desiring to remove any civil action from a State court shall file in the district court of the United States ... a notice of removal ..., together with a copy of all process, pleadings, and orders served upon *such defendant* or *defendants* in such action" (emphasis added)); *see also* 28 U.S.C. § 1443 (providing that "*the defendant*" may remove certain "civil actions or criminal prosecutions, commenced in a State court" that implicate the defendant's civil rights (emphasis added)). Thus, removal would have been improper, and this, also, would provide a basis for dismissal of Innocent's Complaint.